O

# United States District Court
# Central District of California

| | |
|---|---|
| LACY ATZIN; MARK ANDERSEN, on behalf of themselves and a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>ANTHEM, INC and ANTHEM UM SERVICES,<br><br>Defendants. | Case № 2:17-CV-06816-ODW (PLAx)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS [20]** |

## I.  INTRODUCTION

Plaintiffs Lacy Atzin and Mark Andersen bring this putative class action on behalf of themselves and others similarly situated against Defendants Anthem, Inc. ("Anthem") and Anthem UM Services (AUMS).[1]  (*See generally* Complaint, ECF No. 1.)  Atzin alleges claims against Defendants for: 1) the denial of plan benefits in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B); and 2) breach of fiduciary duty in violation of ERISA, 29 U.S.C. § 1132(a)(3).

---

[1] The Court refers to all defendants collectively as "Defendants."

Defendants move to dismiss the Complaint because: 1) Anthem is not is not a proper defendant; and 2) Plaintiffs' breach of fiduciary duty claim is duplicative of their claim for plan benefits.

## II. FACTUAL BACKGROUND[2]

Anthem provides health benefit plans that are administered by its wholly owned subsidiaries. (Compl. ¶ 1.) AUMS is one such subsidiary and serves as the claims administrator for all Anthem plans. (*Id.* ¶ 2.) Anthem assists AUMS in carrying out various administrative duties, including formulating coverage guidelines and determining the types of claims that will be approved or denied. (*Id.*) Plaintiffs allege that Defendants wrongfully denied them benefits by refusing to grant their requests for microprocessor controlled prostheses, an artificial extension that replaces a missing body part. (*Id.* ¶¶ 3, 49–60.)

Anthem plans deny coverage for treatments that are not "medically necessary" or "investigational." (*Id.* ¶¶ 19–20.) To assist in administering the plans, Defendants also adhere to coverage guidelines for specific treatments, such as OR-PR.00003, Anthem's medical policy for microprocessor controlled prostheses. (*Id.* ¶¶ 16, 21.)

Plaintiffs allege that OR-PR.00003—which applies to all Anthem plans—is wrongful because it contradicts their plans' definition of the "medical necessity" and "investigational" exclusions. (*Id.* ¶¶ 3, 16, 18–20.) OR-PR.00003 sets forth four criteria to determine whether a microprocessor controlled prostheses is "medically necessary" for any given claimant. (*Id.* ¶ 21.) The policy only covers claimants if the individual: 1) is physically and mentally capable of using a microprocessor controlled prosthesis; 2) is able to ambulate faster than their baseline rate using a standard prosthesis; 3) has a need for daily long distance ambulation at variable rates outside of their home; and 4) has a need for regular ambulation on uneven terrain or regular use on stairs outside of their home or place of employment. (*Id.*) Plaintiffs contend that

---

[2] All factual references are allegations taken from Atzin's Complaint and accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

this policy unreasonably strict and therefore "erroneous." (*Id.* ¶ 22.) Plaintiffs also contend that Or-PR.00003 contains a blanket policy of denying all requests for microprocessor controlled foot-ankle prostheses, which flies in the face of medical studies demonstrating the benefits of such prostheses. (*Id.* ¶ 23, 24.)

## III. LEGAL STANDARD

A motion to dismiss under either Rule 12(c) or 12(b)(6) is proper where the plaintiff fails to allege a cognizable legal theory or where there is an absence of sufficient facts alleged under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

## IV. DISCUSSION

### A. Request for Judicial Notice

Plaintiffs request the Court take judicial notice of a court order Denying Motion to Dismiss issued in *Lawrence Bradford v. Anthem, Inc. et al.*, Case No. 2:17-cv-5098-AB (KSx) (C.D. Cal. Nov. 2, 2017). *Bradford* is not a related proceeding[3] and Plaintiffs rely on *Bradford* not for the adjudicative facts, but for its legal authority. It is unnecessary to take judicial notice of case law, but the Court will consider *Bradford* as persuasive legal authority. *See McVey v. McVey*, 26 F. Supp. 3d 980, 984 (C.D. Cal. 2014); *see also* Fed. R. Evid. 201. Plaintiff's Request for Judicial Notice is therefore **DENIED**.

### B. Anthem is a Proper Defendant for Both Claims

Defendants argue that Anthem should be dismissed from both claims because it is not a proper defendant. (Mot. 9, 13.)

---

[3] Plaintiffs previously attempted to transfer the case as a related proceeding to Judge André Birotte, Jr., who is presiding over *Bradford*. (*See* ECF No. 21.) Judge Birotte declined the transfer, stating that the cases are not related in part because they involve different treatments for different medical conditions. (*See* ECF No. 24.)

In *Cyr v. Reliance Standard Life Insurance Co.*, 642 F.3d 1202 (9th Cir. 2011) (en banc), the Ninth Circuit analyzed the Supreme Court's holding in *Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238 (2000), and concluded that there was no limit as to who could be sued under both § 1132(a)(3) and § 1132(a)(1)(B). Broadly stated, "an entity other than the plan itself or the plan administrator may be sued under [ERISA] in appropriate circumstances . . . as long as that party's individual liability is established." *Cyr*, 642 F.3d at 1204, 1207. Liability extends at least to any party that can deny a claimant's "request for increased benefits even though . . . it was responsible for paying legitimate benefits claims." *Id.* at 1207. The Ninth Circuit thus held the insurer in *Cyr* liable because it "effectively controlled the decision whether to honor or deny a claim under the program." *Id.* at 1204.

The Ninth Circuit later clarified the reach of *Cyr* in *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282 (9th Cir. 2014). "[P]roper defendants under § 1132(a)(1)(B) for improper denial of benefits at least include ERISA plans, formally designated plan administrators, insurers or other entities responsible for payment of benefits, and de facto plan administrators that improperly deny or cause improper denial of benefits." *Id.* at 1297. Suits may also be brought "against the plan as an entity and against the fiduciary of the plan." *Id.*, quoting *Hall v. Lhaco, Inc.*, 140 F.3d 1190, 1194 (8th Cir. 1998) (emphasis omitted); *see* 29 U.S.C. § 1002(21)(A) (a fiduciary is any entity that exercises discretionary authority or control over the plan's management, administration, or disposition of assets).

In this case, there is no dispute that Anthem is neither the plan nor plan administrator. (Compl. ¶¶ 1–3.) However, Plaintiff alleges that Anthem is a de facto administrator due to the control it wields over the policy making process. (Opp'n 4.) Specifically, Plaintiffs allege that Anthem aided AUMS in developing and implementing OR-PR.00003, which sets forth specific criteria that must be met before a claimant's request for a microprocessor controlled prosthesis is granted. (Compl. ¶¶

2, 21.) Plaintiffs also allege that OR-PR.00003 contains a categorical rule mandating blanket denials of microprocessor controlled foot-ankle prostheses. (*Id.* ¶ 23.) By creating such policies, Plaintiffs contend that Anthem "collaborat[es] with Anthem UM on the types of claims that will be approved or denied." (*Id.* ¶ 2.)

Anthem argues that these allegations only show that Anthem helped to develop the medical policies at issue, but the development of those policies are a "step removed" from administrative decisions. (Mot. 12.) However, under *Spinedex* and *Cyr*, whether a party actually makes the final administrative decision is not dispositive. The relevant inquiry is whether it "den[ies] or *cause[s]* improper denial of benefits." *Spinedex*, 770 F.3d at 1297 (emphasis added). This is what Anthem has done. The coverage guidelines developed by Anthem "cause" grants or denials by foreclosing certain claims—such as claims for microprocessor controlled foot-ankle prostheses—regardless if AUMS would otherwise find them "medically necessary" and not "investigational" under plan definitions. (*See* Compl. ¶ 23.)

Anthem's reliance on *Cox v. Reliance Standard Life Insurance Co.*, 2014 WL 896985 (E.D. Cal. Mar. 6, 2014) and *Cox v. Allin Corporation Plan*, 2013 WL 1832647 (N.D. Cal. May 1, 2013) is misplaced. In both cases, the plaintiffs sought to sue their employer as sponsors of their respective plans. *See Reliance*, 2014 WL 896985 at *3; *Allin*, 2013 WL 1832647 at *4. The courts dismissed the employers as improper defendants because the plaintiffs did not make any allegations that their employers had the authority or obligation to resolve claims. *See Reliance*, 2014 WL 896985 at *3–4, 6; *Allin* 2013 WL 1832647 at *4. In contrast, Plaintiffs allege that Anthem had a hand in developing coverage guidelines that determine what types of claims should be granted or denied. (Compl. ¶¶ 2, 21–23.)

For these reasons, the Court finds that Anthem is a proper defendant for Plaintiffs claims under § 1132(a)(1)(B) and § 1132(a)(3).

### C. Duplicative Claims

Defendants also move to dismiss Plaintiffs' second claim for breach of fiduciary duty on the grounds that it is duplicative of their first claim for denial of plan benefits. (Mot. 15.)

ERISA allows plaintiffs to seek relief under both §1132(a)(1)(B) and § 1132(a)(3). *Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 960–61 (9th Cir. 2016), *citing CIGNA Corp. v. Amara*, 563 U.S. 421 (2011). Although plaintiffs are prohibited from seeking "duplicate *recoveries* when a more specific section of the statute . . . provides a remedy similar to what the plaintiff seeks under the equitable catchall provision [of § 1132(a)(3),]" plaintiffs are permitted to present both § 1132(a)(1)(B) and § 1132(a)(3) as alternative theories of liability so long as there is no double recovery. *Id.* at 961, quoting *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 726 (8th Cir. 2014) (emphasis in original). In other words, "§ 1132(a)(1)(B) and § 1132(a)(3) claims can proceed simultaneously if they plead distinct remedies." *Id.*

Plaintiff's § 1132(a)(1)(B) claim requests the "payment of medical expenses, interest thereon, [and] a clarification of rights." Plaintiff's § 1132(a)(3) claim seeks 1) declaratory relief that Defendant's denials of requests for microprocessor controlled prostheses are wrong and improper; 2) an accounting; and 3) injunctive relief requiring Defendants to reevaluate and reprocess Plaintiffs' requests; 4) provide notice of the reevaluation and reprocessing; and 5) precluding Defendants from relying on specific reasons not recited in their form denial letters. (S*ee* Compl. ¶ 60(a)–(f).) Although some of the requested relief for their § 1132(a)(3) claim—an injunction requiring reevaluation of Plaintiffs' claims, for example—may be duplicative, Plaintiffs request relief under § 1132(a)(3) that plainly is not. For instance, injunctive relief precluding Defendants from relying on specific reasons not recited in their form denial letters is distinct from payment of unpaid benefits. Accordingly, Plaintiffs' § 1132(a)(3) claim is not duplicative of their § 1132(a)(1)(B) claim.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**

January 19, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**