UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACY ATZIN; MARK ANDERSEN, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ANTHEM, INC.; ANTHEM UM SERVICES, INC.,<br><br>　　　　　Defendants. | Case No.: 2:17-cv-6816 ODW (PLAx)<br>Assigned to Hon.: OTIS D. WRIGHT, II<br><br>**PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and for good cause, the Court issues this Protective Order (the "Order"). Unless modified, this Order shall remain in effect through the conclusion of this litigation:

**GOOD CAUSE STATEMENT**

The parties acknowledge that information produced in discovery, regardless of its designation under this Order, may contain personal and health information subject to the protections of, *inter alia*, the Health Insurance Portability and Accountability Act of 1996, the applicable requirements of the Standards for Privacy of Individually Identifiable Health Information and its implementing regulations issued by the U.S. Department of Health and Human Services (45 C.F.R. Parts 160-64; HIPAA Privacy Regulations), and California Civil Code §§ 56 *et seq.*, and 1798.82 *et seq.*, which protect the confidentiality of individually-identifiable personal and health information. Discovery may also involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled or required to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

IT IS THEREFORE ORDERED THAT:

1. A document constitutes or contains "Confidential Material" when it has been given that designation by the party producing it or by the party to whom the information relates ("the Designating Party"). A party or nonparty may designate documents or information as "Confidential Material" as follows:

   a. In the case of documents and information contained in documents, designation must be made by placing the following legend on each page of the document before production:

   **"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."**

   b. In the case of discovery responses and information contained in discovery responses, designation must be made by (i) placing a statement at the start or end of the responses specifying that the responses, or part of the responses, are designated Confidential Material, and (ii) placing the following legend on each page (including the caption page) of any discovery response containing designated Confidential Material:

   **"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."**

   c. In the case of depositions and hearings, designation of the portions of the transcript (including exhibits) that contain Confidential Material must be made by the Designating Party by: (i) making a statement to that effect on the record in the course of the deposition or hearing; or (ii) sending a letter to all counsel within the time permitted for the review and signing of the deposition by the witness (in the event of a deposition) or within 45 days of receipt of the transcript of the hearing (in the event of a hearing). Once designated, the original and each copy of the transcript that contains Confidential Material must bear (or must be modified by counsel to bear) the following legend on its cover:

   **"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."**

2. For purposes of this Order, "Confidential Material" includes the following types of documents and information:

    a. information that is proprietary or constitutes a trade secret, including, without limitation, information, materials, and other documents reflecting non-public business or financial strategies and confidential competitive information that, if disclosed, could result in prejudice or harm to the disclosing party;

    b. non-public financial or business information;

    c. non-public communications with regulators, Departments of Insurance, or other governmental bodies that are intended to be kept confidential or are protected from disclosure by statute or regulation; and

    d. policyholder-specific information, including private medical information.

2.1 Any copies or reproductions, excerpts, summaries, or other documents or media that contain or incorporate Confidential Material as defined above will also be treated as Confidential Material under this Order.

2.2 Nothing in this Order will be construed as requiring Defendant to produce any personal or identifying information regarding any individual or any other policyholder, nor policyholder information that is protected from disclosure under applicable state or federal law.

3. Confidential Material may be used solely for the purpose of conducting this litigation and not for any other purpose whatsoever. For the purpose of conducting this litigation, Confidential Material may be used by, copied by, exhibited to, or disclosed to the following persons or entities only:

    a. The parties to this action;

    b. The parties' attorneys and their respective employees;

    c. Any witness from whom testimony is taken or will be taken in this action, except that the witness may be shown copies of Confidential Material only

during his or her testimony and in preparation for the testimony, and only to the extent relevant to the testimony. The witness may not retain any Confidential Material;

   d. Consultants, experts, and investigators employed by the parties or their attorneys in the prosecution or defense of any aspect of this litigation;

   e. Court reporters used in connection with this action and their employees;

   f. The jury, if any, in the trial of this case; and

   g. The Court and its staff.

  4. No disclosure may be made to any person under Paragraphs 3(c), (d) or (e) until that person has executed an "Understanding and Agreement" in the form attached as Exhibit A. With respect to consultants, experts, and investigators employed by the parties to this litigation, Exhibit A must be fully executed by the consultant, expert, or investigator and retained by counsel for the party employing the consultant, expert, or investigator. In the event that any consultant, expert, or investigator employed by the parties to this litigation ceases to be engaged in the preparation of this Action, access by such person to discovery material designated as Confidential shall be terminated. Any such material in the possession of any such person shall be returned or destroyed. The provisions of this Order and the obligations not to disclose any portions of such material shall remain in full force and effect as to all such persons.

  5. All persons described in paragraphs 2(a) through (f) above are prohibited from disclosing any portion of Confidential Material to any other person, or from using any information obtained from the Confidential Material, except as permitted by this Order.

  6. Nothing in this Order prevents the use of information that is publicly available.

7. Any motion papers, briefs, memoranda, affidavits, declaration, exhibits, transcripts, or other papers filed with the Clerk of the Court that contain any Confidential Material must be accompanied by an application to file the papers – or the confidential portion thereof – under seal in compliance with Local Rule 79-5; the application must demonstrate good cause for the under-seal filing. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

8. If any party or nonparty bound by this Order intends to disclose, discuss, or otherwise refer to any Confidential Material in open court at any hearing or trial, that person must notify the Court, the Designating Party, and all other parties to this action of its intention to do so, and must not disclose, discuss, or otherwise refer to the Confidential Material until permitted by the Court.

9. A party's inadvertent failure to designate disclosed materials as Confidential Material does not waive its right to do so and may be remedied by prompt written notice upon discovery of the error, in which case the material in question will be subject to the protections of this Order.

10. The inadvertent, unintentional, or *in camera* disclosure of Confidential Material shall not be deemed a waiver in whole or in part of any party's claims of confidentiality. Moreover, where a Designating Party has inadvertently produced a document which the Designating Party later claims should not have been produced because of privilege, the Designating Party may at any time require the return of any such document. A request for the return of any document shall identify the document by Bates number and the basis for asserting that the specific document (or portions thereof) is subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery, the basis for asserting that the production was inadvertent, and the date of discovery that there had been an inadvertent production. The inadvertent production of any document which a

Designating Party later claims should not have been produced because of a privilege will not be deemed to be a waiver of any privilege to which the Designating Party would have been entitled had the privileged document not inadvertently been produced.  If a Designating Party requests the return, pursuant to this Paragraph, of any such document from another party, the party to whom the request is made shall within THIRTY (30) days return to the Designating Party all copies of the document within its possession, custody, or control, including all copies in the possession of experts, consultants, or others to whom the document was provided.  In the event that only portions of the document contain privileged subject matter, the Designating Party shall substitute a redacted version of the document at the time of making the request for the return of the requested document.

11. Nothing herein shall be deemed to waive any applicable privilege or work product protection, nor shall an inadvertent disclosure of material protected by privilege or work product protection constitute a waiver of such privilege or protection.

12. Notwithstanding anything to the contrary in this Order, any party may use the following documents or information without restriction, regardless of whether they have been designated as Confidential Material:

    a. its own documents or information;

    b. documents that the party has previously received or sent, including final versions of letters and emails listing the party as a recipient or sender; and

    c. documents or information developed or obtained independently of discovery, including party and non-party discovery, in this action.

13. This Order applies with equal force to any and all copies, extracts, compilations, summaries, and oral recitation of Confidential Material.

14. Within sixty days of final termination of this action, or sooner if so ordered by this Court, counsel for the party receiving any Confidential Material must

transmit all Confidential Material (including all copies) to counsel for the Designating Party.

15. A party is not obligated to challenge the propriety of a confidentiality designation at the time it is made. Failure to do so does not preclude a subsequent challenge to the designation; however, any challenge to the designation or disclosure of confidential information must occur within the discovery period established by the District Judge. In the event of a dispute regarding the designation of confidential information, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37. The party challenging the designation (the "Challenging Party") shall initiate the dispute resolution process under Local Rule 37-1, *et seq*. Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the designation until the Court rules on the challenge. In the event that the Designating Party fails to address the designation of any disputed items in the Local Rule 37 Joint Stipulation, then such documents, testimony or information shall be de-designated in accordance with the Challenging Party's challenge. If the parties wish to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an *ex parte* application making the appropriate request. The parties must set forth good cause in the stipulation or *ex parte* application as to why the Joint Stipulation or portions thereof should be filed under seal.

16. Once a case proceeds to trial, all of the court-filed information that is to be introduced and was previously designated as confidential and/or kept and

maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the district judge in advance of the trial. *See, e.g., Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995); *San Jose Mercury News, Inc. v. U.S. District Court - Northern District*, 187 F.3d 1096, 1102 (9th Cir. 1999); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery and attached to non-dispositive motions from "compelling reasons" standard when merits-related documents are part of the judicial record). Accordingly, the terms of this protective order do not extend beyond the commencement of trial.

17. If any Party has obtained Confidential Material under the terms of this Order and receives a request to produce such Confidential Material by subpoena or other compulsory process commanding the production of such Confidential Material, the Party must promptly (within 2 business days) notify the Designating Party via electronic mail and U.S. mail. The notice shall identify the Confidential Material sought, the date set for the production of such subpoenaed information, and unless prohibited by applicable law, a copy of the subpoena or other compulsory process so that the Designating Party, at its sole expense, may take such action as it deems fit to control dissemination of the Confidential Material. If an application for a protective order is made promptly and before the return date, the part shall not produce such Confidential Material prior to receiving the court order or the consent of the Designating Party. In the event that Confidential Material is produced to a non-party to this Order, that material shall still be treated as Confidential Material by the parties to this Order.

18. Nothing in this Order shall prevent a party from seeking modification of this Order.

19. The parties agree that this Order binds them regardless of whether the Order is signed by the Court, unless the Court enters a different protective order in place of this Order.

20. The terms of this Order shall survive and remain in effect after termination of this action.

IT IS SO ORDERED:

DATED: September 17, 2019

_____
HONORABLE PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## Certification Re Confidential Discovery Materials

I hereby acknowledge that I, _____ [NAME], am about to receive Confidential Material supplied in connection with *Atzin v. Anthem, Inc., et al.*, Case No.: 2:17-cv-6816 ODW (PLAx). I certify that I understand the Confidential Material is provided to me subject to the terms and restrictions of the Stipulated Protective Order filed in the action. I have been given a copy of the Stipulated Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Material, as defined in the Stipulated Protective Order, including any notes or other records that may be made regarding any such material, shall not be disclosed to anyone except as expressly permitted by the Stipulated Protective Order. I will not copy or use, except solely for the purposes of this Action, any Confidential Material obtained pursuant to this Stipulated Protective Order, except as provided therein or otherwise ordered by the Court in the action.

I further understand that I am to retain all copies of all Confidential Material provided to me in the action in a secure manner, and that all copies of such material are to remain in my personal custody until termination of my participation in this action, whereupon the copies of such material will be returned to counsel who provided me with such material.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Dated: _____

BY: _____

_____
Signature