O

# United States District Court
# Central District of California

LACY ATZIN; MARK ANDERSON, on
behalf of themselves and all others
similarly situated,

                  Plaintiffs,

     v.

ANTHEM, INC.; ANTHEM UM
SERVICES, INC.,

                  Defendants.

Case № 2:17-cv-06816-ODW (PLAx)

**ORDER GRANTING MOTION FOR
CLASS CERTIFICATION [55]**

## I.     INTRODUCTION

Plaintiffs Lacy Atzin and Mark Andersen bring this putative class action against Defendants Anthem, Inc. and Anthem UM Services (collectively, "Defendants"). Plaintiffs argue that Defendants utilize erroneous coverage guidelines to deny requests for microprocessor controlled foot-ankle protheses.  Plaintiffs now move, unopposed, for class certification under Federal Rules of Civil Procedure ("Rule") 23(b)(1) and 23(b)(2).  (Unopposed Mot. for Class Certification ("Mot.") 1, ECF No. 55.)  For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.     BACKGROUND

Plaintiff Mark Andersen underwent bilateral below the knee amputations following a boating accident in 2000.   (Compl. ¶ 32, ECF No. 1.)   He was subsequently fitted with below the knee prosthetic devices.  (Compl. ¶ 32.)  In 2015, a certified prosthetist determined that Andersen needed below the knee prostheses with microprocessor controlled foot-ankle systems and submitted a request for coverage. (Compl. ¶ 33.)  Defendants denied the request and Andersen's subsequent appeals on the grounds that the requested prostheses "are considered investigational . . . based . . . on the health plan medical policy, Microprocessor Controlled Lower Limb Prosthesis (OR-PR.00003)."  (Compl. ¶¶ 34–35.)

On September 25, 2017, Plaintiffs initiated this putative class action asserting that Defendants have a practice of wrongfully denying coverage for microprocessor controlled lower limb prostheses, including foot-ankle prostheses,[2] based on the coverage guideline OR-PR.00003.   (Compl. ¶ 3.)   Plaintiffs allege Defendants administer claims under Anthem plans according to medical policies developed to govern coverage positions.  (Compl. ¶¶ 16–18.)  One such policy is OR-PR.00003, which states that "[t]he use of a microprocessor controlled foot-ankle prosthesis (for example, Proprio Foot of the PowerFoot Biom) is considered **investigational and not medically** necessary for all indications."[3]    (Compl. ¶ 23.)   Plaintiffs claim OR-PR.00003's position that microprocessor controlled foot-ankle protheses are investigational is erroneous.  (Compl. ¶ 25.)  Thus, Plaintiffs assert Defendants have

---

[2] Plaintiffs' Complaint also includes allegations relating to microprocessor controlled knee prostheses.  (Compl. ¶ 3.)  However, in October 2019, the parties reached a settlement subject to court approval as to that portion of the case.  (Stip., ECF No. 53.)  Accordingly, Plaintiffs' Motion and this Order address only those claims concerning microprocessor controlled foot-ankle prostheses.

[3] During the time period at issue in this action, Defendants utilized two versions of OR-PR.00003. (*See* Mot 4; Decl. Robert S. Gianelli ("Gianelli Decl.") ¶¶ 3, 4, Ex. 2 at 11 (Anthem Medical Policy for Microprocessor Controlled Lower Limb Prosthesis (OR-PR.00003) (publish date Jan. 1, 2013), Ex. 3 at 25–26 (publish date Aug. 29, 2019), ECF Nos. 55-1, 55-3.)  Both versions include this challenged directive.

"wrongly denied coverage for all requests for microprocessor controlled foot-ankle prostheses pursuant to [the] directive in OR-PR.00003." (Compl. ¶¶ 23, 36.)

Plaintiffs move for class certification of the following class:

> All persons covered under Anthem plans, governed by ERISA, self-funded or fully insured, whose requests for microprocessor controlled foot-ankle prostheses have been denied during the applicable statute of limitations period pursuant to Anthem's Medical Policy on Microprocessor Controlled Lower Limb Prosthesis, Policy No. OR-PR.00003

(Mot. 6; Notice of Non-Opp'n 1, ECF No. 58.)  Plaintiffs also seek appointment of Plaintiff Andersen as Class Representative and Plaintiffs' counsel, Gianelli & Morris and Doyle Law, APC, as Class Counsel.  (Mot. 11–12, 16.)  Defendants do not oppose certification of the identified class.  (Notice of Non-Opp'n.)  The Parties have stipulated to certain facts relevant to and for the purpose of class certification ("Stipulated Facts").  (Stip. Facts 2–4, ECF No. 56.)

### III.        LEGAL STANDARD

Whether to grant class certification is within the discretion of the court.  *Montgomery v. Rumsfeld*, 572 F.2d 250, 255 (9th Cir. 1978).  A cause of action may proceed as a class action if a plaintiff meets the threshold requirements of Federal Rule of Civil Procedure ("Rule") 23(a): numerosity, commonality, typicality, and adequacy of representation.  Fed. R. Civ. P. 23(a); *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012).  In addition, a party seeking class certification must meet one of the three criteria listed in Rule 23(b).  *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011).  "There is no separate 'ascertainability' requirement." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124 n.4 (9th Cir. 2017) (discussing that "ascertainability" issues are addressed through Rule 23's listed requirements.)

"Rule 23 does not set forth a mere pleading standard.  A party seeking class certification must affirmatively demonstrate his compliance with the Rule." *Dukes*, 564 U.S. at 350.  This showing is not onerous: "a district court need only consider

material sufficient to form a reasonable judgment on each Rule 23(a) requirement." *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1005 (9th Cir. 2018) (internal quotation marks omitted).  Still, courts may certify a class only if they are "satisfied, after a rigorous analysis," that Rule 23 prerequisites have been met.  *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982).  "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim," which "cannot be helped." *Dukes*, 564 U.S. at 351.  However, examination of the merits is limited to determining whether certification is proper and "not to determine whether class members could actually prevail on the merits of their claims."  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011).

## IV.     DISCUSSION

The Court first considers whether Plaintiffs have met the requirements of Rule 23(a) before turning to the criteria for certification under Rule 23(b).

### A.     Rule 23(a)

Plaintiffs establish that the proposed class meets the requirements of Rule 23(a).

#### 1.     Numerosity

A class action may proceed only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).   Although the numerosity requirement is not tied to any numerical threshold, courts generally "find the numerosity requirement satisfied when a class includes at least 40 members." *Rannis v. Recchia*, 380 F. App'x 646, 650–51 (9th Cir. 2010) (finding district court did not abuse its discretion in determining that a class of 20 satisfied the numerosity requirement).  "The Ninth Circuit has not offered a precise numerical standard; other District Courts have, however, enacted presumptions that the numerosity requirement is satisfied by a showing of 25–30 members." *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 654 (C.D. Cal. 2000) (citing cases).  "When a class size is small, courts consider factors such as 'the geographical diversity of class members, the ability of individual claimants to institute separate suits, and whether injunctive or declaratory relief is

sought.'" *Ogbuehi v. Comcast of Cal./Colo./Fla./Or., Inc.,* 303 F.R.D. 337, 345 (E.D. Cal. 2014) (citing *Jordan v. Cty. of Los Angeles,* 669 F.2d 1311, 1319 (9th Cir. 1982), *vacated on other grounds,* 459 U.S. 810 (1982)).

The parties disagree whether a three- or four-year limitation period applies. (*See* Stip. Facts 3 n.2; Notice of Non-Opp'n 1.)  Nevertheless, Defendants searched their data systems for individuals who meet the class definition and identified 38 foot-ankle members in the three-year limitation period, and 44 foot-ankle members in the four-year limitation period.  (Stip. Facts No. 7.)

The Court finds numerosity is met by either figure under the facts presented. Plaintiffs primarily seek declaratory and injunctive relief compelling Defendants to reform the practice of denying claims for microprocessor controlled foot-ankle prostheses based on erroneous guidelines.   (*See* Compl. ¶ 60(c); Mot. 13.) Additionally, allowing a class action is in the interests of judicial economy and would avoid duplicative suits brought by other class members demanding the same coverage. *See Escalante v. Cal. Physicians' Serv.*, 309 F.R.D. 612, 618 (C.D. Cal. 2015) (finding numerosity met by a class of 19 under similar circumstances); *Ogbuehi*, 303 F.R.D. at 345 (citing *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913–14 (9th Cir. 1964) ("[I]mpracticability does not mean impossibility but only the difficulty or inconvenience of joining all members of the class.") (internal quotations marks omitted)).  Further, Defendants do not oppose and the parties both assert that the number of putative class members, whether 38 or 44, is so numerous that joinder would be impractical.  (Stip. Facts No. 7.)  The Court finds numerosity satisfied.

2. *Commonality*

Commonality is satisfied if "there are questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  "Plaintiffs need not show . . . that every question in the case, or even a preponderance of questions, is capable of class wide resolution.  So long as there is even a single common question, a would-be class can satisfy the commonality requirement of Rule 23(a)(2)."  *Parsons v. Ryan*, 754 F.3d 657, 675 (9th

Cir. 2014) (internal quotation marks omitted).  What is essential is that "the questions must be ones that will 'generate common answers apt to drive the resolution of the litigation.'"  *Escalante*, 309 F.R.D. at 618 (quoting *Dukes*, 564 U.S. at 350).

Defendants stipulate that they follow a common practice of denying claims for microprocessor controlled foot-ankle prostheses as "investigational and not medically necessary for all indications," applying OR-PR.00003.  (Stip. Facts Nos. 1–2, 4.) Plaintiff Andersen submits Defendants' letters denying his claim on this basis, further demonstrating application of this common practice.  (Decl. of Mark Andersen ("Andersen Decl.") ¶¶ 5, 6, ECF No. 55-2; Gianelli Decl. ¶¶ 6, 7, Exs. 4–5 ("Denial Letters").)  Plaintiffs argue the prostheses are not investigational and therefore OR-PR.00003's position is erroneous.  (Compl. ¶ 25.)  Thus, this case raises the common significant question of whether microprocessor controlled foot-ankle prostheses are properly deemed "investigational" under OR-PR.00003.  (*See* Stip. Facts No. 5; Mot. 8.)  The "determination of [this question's] truth or falsity will resolve an issue that is central to the validity of [Plaintiffs' claims] with one stroke." *Mazza*, 666 F.3d at 588 (quoting *Dukes*, 564 U.S. at 350).  Further, the harm suffered from Defendants' application of the allegedly erroneous guideline is common to all of the putative class members.  *See Des Roches v. Cal. Physicians' Serv.*, 320 F.R.D. 486, 500 (N.D. Cal. 2017) ("The harm alleged by Plaintiffs—the promulgation and application of defective guidelines to the putative class members—is common to all of the putative class members.").  The Court thus finds commonality satisfied.

### 3.   *Typicality*

Under Rule 23(a)(3) a representative party must have claims or defenses that are "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).  "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."  *Parsons*, 754 F.3d at 685 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).  The class representative "must be part of the

class and possess the same interest and suffer the same injury as the class members." *Gen. Tel. Co.*, 457 U.S. at 156 (internal quotation marks omitted). "The commonality and typicality requirements of Rule 23(a) tend to merge." *Id.* at 157 n.13.

The same facts that support commonality also support typicality. Defendants apply OR-PR.00003 uniformly to deny requests for microprocessor controlled foot-ankle prostheses. (*See* Mot. 10–11; Stip. Facts Nos. 1–2.) Defendants denied Plaintiff Andersen's claim for microprocessor controlled foot-ankle prostheses under this policy. (Andersen Decl. ¶¶ 5–6; Denial Letters.) Thus, Defendants' conduct in applying OR-PR.00003 to Plaintiff Andersen's claims is the same as to the putative class, and the harm Plaintiff Andersen suffered from application of the allegedly erroneous guideline is the same as the harm suffered by the putative class members. *See Des Roches*, 320 F.R.D. at 504 (finding typicality satisfied where the harm alleged was that defendants adjudicated plaintiff's claim under the same challenged coverage guidelines as the putative class); *Escalante*, 309 F.R.D. at 619 (finding typicality satisfied where named plaintiff was "challenging an undisputedly uniform practice of categorically denying coverage for lumbar [artificial disc replacement] procedures.") Accordingly, the Court finds typicality satisfied.

### 4.   Adequacy

The representative parties must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "To determine whether the representation meets this standard, [courts] ask two questions: (1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

First, no party contends, and nothing suggests, that Plaintiff Andersen or his counsel have a conflict with the putative class members' interests. Plaintiff Andersen pledges to prosecute this action on their behalf. (*See* Mot. 11–12; Andersen Decl. ¶ 7 ("I will represent the interests of other [class members].") Thus, the Court has no

reason to believe a conflict of interest exists or to doubt that Plaintiff Andersen will prosecute this case diligently.  Second, Plaintiff's counsel also vows to vigorously prosecute this action on behalf of the class and offers evidence of their experience in prosecuting insurance class litigation involving claims similar to those at issue here. (Mot. 12; *see* Gianelli Decl. ¶¶ 9–14.)  Accordingly, the Court finds the adequacy requirement satisfied.

**B.     Rule 23(b)**

Having established that the four requirements of Rule 23(a) are met, Plaintiffs must also establish that the class meets one of the three criteria listed in Rule 23(b). *Dukes*, 564 U.S. at 345.  Plaintiffs contend certification is proper under Rule 23(b)(1) and 23(b)(2).  (Mot. 12–15.)  As the Court finds certification appropriate under Rule 23(b)(2), it does not reach Plaintiffs' arguments under Rule 23(b)(1).

Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).  The key to a Rule 23(b)(2) class is "the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Dukes*, 564 U.S. at 360.

The parties agree that Defendants have acted in a way that applies uniformly to the class because Defendants have applied OR-PR.00003 to deny claims for microprocessor controlled foot-ankle prostheses as "investigational and not medical necessary for all indications." (Stip. Facts Nos. 1–4, 11.)  This common policy can be resolved with respect to the class as a whole through the injunctive relief Plaintiffs seek, namely to reevaluate and reprocess claims without using the allegedly erroneous criteria.  (*See* Stip. Facts No. 11); *Des Roches*, 320 F.R.D. at 509, 510 (finding "substantial support" that "a 'reprocessing' injunction is an appropriate basis for class certification under Rule 23(b)(2)"); *Wit v. United Behavioral Health*, 317 F.R.D. 106,

136 (N.D. Cal. 2016) ("Plaintiffs' injury can be remedied for all class members by requiring [defendant] to modify its Guidelines and reprocess claims that were denied under the allegedly defective guidelines").  Accordingly, the Court finds certification under Rule 23(b)(2) appropriate.

## C.   Ascertainability/Administrative Feasibility

As noted, there is no separate "ascertainability" requirement.  *Briseno*, 844 F.3d at 1123, 1124 n.4.  Even if there were, the Court would find it met here.  Defendants' "data systems allow [them] to identify the Putative Class Members" and Defendants have identified between 38 and 44 "foot-ankle members," depending on the limitation period.  (Stip. Facts Nos. 7–8.)  Thus, the proposed class is ascertainable.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion for Class Certification.  (ECF No. 55.)  The Court certifies the following class under Rule 23(b)(2):

> All persons covered under Anthem plans governed by ERISA, self-funded or fully insured, whose requests for microprocessor controlled foot-ankle prostheses have been denied during the applicable statute of limitations period pursuant to Anthem's Medical Policy on Microprocessor Controlled Lower Limb Prosthesis, Policy No. OR-PR.00003.

The Court appoints Plaintiff Mark Andersen as Class Representative, and Gianelli & Morris and Doyle Law, APC as Class Counsel.

**IT IS SO ORDERED.**

May 6, 2020

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**